UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TONY STOKES                                              CIVIL ACTION

VERSUS                                                   NO. 08-3194

GINA CULVER                                              SECTION "J" (2)

## REPORT AND RECOMMENDATION

Plaintiff, Tony Stokes, is a convicted sex offender currently incarcerated in the C. Paul Phelps Correctional Center in DeQuincy, Louisiana.  He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Gina Culver, a parole agent at the Louisiana Office of Probation and Parole in New Orleans.  Plaintiff alleges that he was wrongfully arrested as a parole violator and his parole was ultimately revoked for failure to remain in contact with the Louisiana Office of Probation and Parole in New Orleans after he relocated to Houston, Texas, due to Hurricane Katrina.  Plaintiff seeks monetary damages and reinstatement of his parole status.  Record Doc. No. 1 (Complaint at ¶¶ IV and V).

Specifically, plaintiff alleges in his complaint that he was forced to move to Houston, Texas, following Hurricane Katrina, but that he remained in contact with Culver and that she knew his whereabouts at all relevant times.  Record Doc. No. 1. (Complaint, Exhibit D at p. 1).  In a letter dated July 26, 2006, attached to his pleadings, plaintiff states that he was at that time on parole after having been convicted of attempted

aggravated rape.  Id.  Plaintiff further states that in the aftermath of Hurricane Katrina, he had his parole supervision transferred from New Orleans to Houston.  Id.  He alleges problems receiving information from the New Orleans parole office during this transfer.  Id.  He asserts that his family, who was living in Oklahoma following the storm, had the mail from their home in New Orleans forwarded to their Oklahoma address without his knowledge.  Id.  Plaintiff further claims that his family neither sent nor informed him of any parole information they received in Oklahoma.  Id.

Plaintiff states that a parole officer named Guardino visited him in Houston.  Id. He claims that Guardino was the officer handling his parole transfer from Louisiana to Texas.  Id.  He alleges that, on this visit, Guardino had no paperwork on plaintiff's case and would accept no paperwork from New Orleans that plaintiff offered him.  Id. Plaintiff also alleges that Guardino left him with no contact information, but stated only that he needed to discuss the issue with his supervisor.  Id.

Stokes alleges that he called Culver in New Orleans following his meeting with Guardino.  Id.  He alleges that Culver told him to follow Guardino's instructions. He states that Guardino and his supervisor were still reviewing the case the next time he spoke to Guardino.  Id. at 2.  Plaintiff alleges that Guardino was not " trying to work with me" and that he "never had this problem in New Orleans."  Id.  Furthermore, plaintiff states that he could not go to the Office of Probation and Parole in  Houston because he

had no form of transportation.  Id.  Plaintiff alleges that when he was brought before the Parole Board for his parole revocation hearing, he was not given an opportunity to present his case and that his right to procedural due process was therefore violated. Complaint at ¶ IV, p. 5.

After filing his original complaint, Stokes submitted a letter to the court in which he makes clear his intent to pursue this lawsuit "against Ms. Gina Culver and the Office of Probation & Parole."  Record Doc. No. 4 at p. 1 (emphasis added).  Construing this pro se submission broadly, it must be considered the "once as a matter of course" amendment to plaintiff's complaint, which plaintiff is permitted to file without leave of court pursuant to Fed. R. Civ. P. 15(a)(1), adding the state probation and parole office entity as a defendant.  The Clerk is hereby instructed to note the addition of this defendant on the docket sheet.

## ANALYSIS

I.    STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis.  28 U.S.C. § 1915A(a); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998).  Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim.  28 U.S.C. § 1915A(b)(1).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'"  Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended).  A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"  Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)).  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not."  Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992).  An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks

monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's Section 1983 claims must be dismissed under 28 U.S.C. § 1915(e)(2) because his complaint lacks an arguable basis in law, fails to state a cognizable Section 1983 claim under the broadest reading[1] and seeks monetary damages against defendants who are immune from such relief.

II.     SECTION 1983 CLAIMS

        A.     INDIVIDUAL IMMUNITY OF THE PAROLE OFFICER

Stokes has named parole officer Gina Culver as a defendant in this action challenging his parole revocation.  Absolute immunity is immunity from suit rather than simply a defense against liability and is therefore a question which must be resolved as early as possible in the proceedings. Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994); Lawson v. Speetjens, 42 F.3d 642, 642 (5th Cir. 1994).  To determine the application of the doctrine of absolute immunity, federal courts must employ a functional test rather than look to a defendant's status or title.  Buckley v. Fitzsimmons, 509 U. S. 259, 269 (1993); Forrester v. White, 484 U.S. 219, 227-29 (1988).

The Supreme Court has not expressly extended absolute immunity to parole officers or parole board members, although it has noted with approval that lower federal

---

[1] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

courts have done so.  Cleavinger v. Saxner, 474 U.S. 193, 200-01 (1985).  Most circuits, including the United States Fifth Circuit Court of Appeals, have held that "'parole board members are absolutely immune from suit for their decisions to grant, deny, or revoke parole.'"  Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995) (quoting Walrath v. United States, 35 F.3d 277, 281 & n.2 (7th Cir. 1994)).

The United States Fifth Circuit has also extended absolute immunity to other state employees performing quasi-judicial roles pertaining to the actual denial or revocation of parole before the parole board.  Farrish v. Miss. State Parole Bd., 836 F. 2d 969, 973 (5th Cir. 1988); Johnson v. Kegans, 870 F.2d 992, 997 (5th Cir. 1989); Brown v. Nester, 753 F. Supp. 630, 632 (S.D. Miss. 1990). The Fifth Circuit has defined a quasi judicial actor as "an official who, because of the organization of the government in a particular state, performs the parole board's quasi judicial duties." Farrish, 836 F.2d at 975.  These duties can include acting as a judge or a prosecutor in the parole revocation hearing. See Farrish, 836 F.2d at 975-76.

In this case, plaintiff's complaint is vague as to the involvement of defendant Culver or the precise role she allegedly performed in connection with his parole revocation.  If Culver was part of the adjudicatory process for the revocation of plaintiff's parole, whether as a judge, prosecutor or complainant presenting evidence of parole violation to the parole board, then Culver is entitled to absolute immunity.  In this regard,

plaintiff's claims are based on a meritless legal theory and fail to state a claim upon which relief can be granted because defendant is immune from suit under Section 1983.

Even if Culver is <u>not</u> protected by absolute immunity as extended to state actors in <u>Farrish</u>, however, plaintiff still fails to state a claim upon which relief can be granted against Culver because defendant is protected from liability by the doctrine of qualified immunity based on plaintiff's allegations.  The United States Fifth Circuit, following other circuits, has recognized that the role of parole officers in preparing and filing a revocation report is entitled to the defense of qualified immunity for the particular function of preparation of a revocation report.  <u>Galvan v. Garmon</u>, 710 F.2d 214 (5th Cir. 1983); <u>Lucas v. Parish of Jefferson</u>, 999 F. Supp. 839, 844-45 (E.D. La. 1998) (Berrigan, J.).  The Supreme Court has held that "objective reasonableness of an official's conduct, as measured by reference to clearly established law" determines whether an official is protected by qualified immunity.  <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982).  In this case, plaintiff alleges that Culver simply instructed him to follow Texas parole officer Guardino's instructions.  No other wrongful or unreasonable action on her part is alleged.  Culver acted in an objectively reasonable manner in instructing plaintiff to follow a fellow parole officer's instructions.  From plaintiff's allegations, it "is not sufficiently clear that a reasonable official" would understand that she violated any of plaintiff's constitutional rights in taking such an action.  <u>Anderson</u>

v. Creighton, 483 U.S. 635, 640 (1987).  Plaintiff cannot establish that Culver acted in an objectively unreasonable manner in violation of his constitutional rights, and therefore Culver's qualified immunity renders plaintiff's claim baseless.

    B.    ELEVENTH AMENDMENT IMMUNITY

In addition, when a Section 1983 plaintiff does not specify in his complaint whether a defendant is named in his or her official or individual capacity, it is presumed by operation of law that the defendant is named in his or her official capacity.  Soper v. Hoben, 195 F.3d 845, 853 (6th Cir. 1999), cert. denied, 120 S.Ct. 2719 (2000); Wells v. Brown, 891 F.2d 591, 593 (6th Cir. 1989).  In the instant case, suit against the Louisiana parole officer Culver in her official capacity would be suit against the State of Louisiana and barred by the Eleventh Amendment.  Castille v. State of Louisiana, No. 99-0940, 1999 WL 544684, slip op. at *2 (E.D. La. July 27, 1999) (Clement, J.) (unpublished). All claims against this defendant in her official capacity must also be dismissed because she is immune.

As to his intent stated in his amended complaint, Record Doc. No. 4, to pursue claims against the probation and parole office as an entity, any such claim also is barred by the Eleventh Amendment. As reflected in Exhibit "A" attached to plaintiff's complaint, applicable state law provides that the Division of Probation & Parole is part

of the Louisiana Department of Public Safety and Corrections ("DOC").  La. Rev. Stat.
§§ 36:401(B)(3)(d) and 409(C)(4).

The DOC itself is a department within the Louisiana state government.  La. Rev.
Stat. Ann. § 36:401.  For Eleventh Amendment purposes, the DOC is considered an arm
of the state since any judgment against it or its subdivisions necessarily would be paid
from state funds.  Anderson v. Phelps, 655 F. Supp. 560, 564 (M.D. La. 1985).
Therefore, suit against the DOC and Culver in her official capacity is a suit against the
State of Louisiana, which is prohibited by the Eleventh Amendment.  Citrano v. Allen
Correspondence. Ctr., 891 F. Supp. 312, 320 (W.D. La. 1995) ("A suit against any state
correctional center would be suit against the state and therefore barred by the Eleventh
Amendment.") (citing Anderson, 655 F. Supp. at 560 and Bldg. Eng'r Serv. Co., Inc. v.
La., 459 F. Supp. 180 (E.D. La. 1978)).

The State of Louisiana is immune from suit in federal court under the Eleventh
Amendment.  Sovereign immunity under the Eleventh Amendment bars actions for
monetary relief in federal court against a State or state agency unless the State has
consented to be sued. U.S. Const. amend. XI; Pennhurst State Sch. & Hosp. v.
Halderman, 465 U.S. 89, 100 (1984); Ala. v. Pugh, 438 U.S. 781, 782 (1978); Richardson
v. Southern Univ., 118 F.3d 450, 452 (5th Cir. 1997).

Generally, the State of Louisiana has not waived its immunity or consented to the exercise of federal judicial power in civil actions against it.  La. Rev. Stat. Ann. § 13:5106(A); Delahoussaye v. City of New Iberia, 937 F.2d 144, 147 (5th Cir. 1991). Thus, in each unsanctioned instance of federal suit, the State or its agency must affirmatively waive its Eleventh Amendment immunity.  Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 305 (1990); Stem v. Ahearn, 908 F.2d 1, 4 (5th Cir. 1990).

To ensure the enforcement of federal law, however, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law.  Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 437 (2004) (citing Ex parte Young, 209 U.S. 123 (1908)).  This standard allows federal courts to order prospective relief and ancillary relief thereto where there exists a violation of federal law.  Id. (citing Edelman v. Jordan, 415 U.S. 651 (1974); Milliken v. Bradley, 433 U.S. 267 (1977); Green v. Mansour, 474 U.S. 64, 71-73 (1985)).

To the extent that Stokes does not seek monetary damages in this case, but instead declaratory and injunctive relief to have his parole reinstated, he has asserted that errors in his parole revocation violate the United States Constitution, resulting in his current confinement.  As discussed below, however, these claims must be pursued through a petition for writ of habeas corpus and not this Section 1983 complaint.

For these reasons, although the State of Louisiana is not per se immune from a declaratory and injunctive relief suit, Stokes has failed to assert a claim for which relief can be granted under Section 1983 because the relief sought is habeas corpus in nature. Therefore, Stokes's claims against the DOC and Culver in her official capacity are subject to dismissal with prejudice as legally frivolous or for failure to state a claim for which relief can be granted under Heck v. Humphrey, 512 U.S. 477 (1994), without prejudice to his ability to pursue his relief in the appropriate habeas corpus petition, as addressed below.

C.    HECK APPLICATION TO SECTION 1983 CLAIMS

Even if the defendants were not immune, and regardless of the applicability of qualified immunity to the claims against defendant Culver, plaintiff's claims for both injunctive relief and monetary damages must also be dismissed at this time under Heck v. Humphrey.  In Heck, the Supreme Court held that a civil action for alleged civil rights violations, which attacks the validity of state confinement that has not been reversed, expunged, invalidated or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's

11

issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. 512 U.S. at 486-87 (emphasis in original) (footnote omitted).

Plaintiff's claims are clearly connected to the validity of his present confinement, which is based on his parole revocation. Heck, 512 U.S. at 479; Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1997); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994). Stokes's complaint indicates that at the time of filing his complaint, he was incarcerated in the C. Paul Phelps Correctional Center. The sex offender registration form attached to plaintiff's complaint states that plaintiff was convicted of attempted aggravated rape on September 7, 1993. It appears from plaintiff's written submissions that his parole from the attempted aggravated rape conviction was revoked, and he is currently in custody as a result of the parole revocation. His confinement has not been set aside in any of the ways described in Heck.

Thus, any Section 1983 claim plaintiff asserts concerning his continued confinement is premature and must be dismissed. See e.g., Cronn v. Buffington, 150 F.3d 538 (5th Cir. 1998) (applying Heck to parole revocation challenge); McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995) (same); Castille v.

State of Louisiana, No. 99-0940, 1999 WL 544684, slip op. at *2 (E.D. La. July 27, 1999) (Clement, J.) (unpublished) (applying Heck to allegations that parole revocation was based on false testimony by parole officers).  As the Fifth Circuit has noted, the dismissal of these claims is with prejudice to their being asserted again until the Heck conditions are met.  Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996); Cooper v. Quarterman, No. 207- 0161, 2008 WL 954159, slip op. at *1 (N.D. Tx. April 3, 2008) (Robinson J.).

III.   HABEAS CORPUS CLAIMS

As noted above, Stokes's complaint in part challenges the very fact and duration of his current confinement.  Although plaintiff's suit is styled as a civil rights action under 42 U.S.C. § 1983 and filed on a form normally reserved for Section 1983 complaints, this court is required first to examine plaintiff's complaint to ascertain whether his claims, if proven true, would undermine the validity of his present confinement.  A prisoner who challenges the very fact or duration of his physical confinement and who seeks judgment that would entitle him to release must pursue habeas corpus relief rather than Section 1983 civil rights relief.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Clarke v. Stalder, 121 F.3d 222, 226 (5th Cir.), reh'g en banc granted and opin. vacated, 133 F.3d 940 (5th Cir. 1997), rev'd in part on other grounds and opin. reinstated in relevant part, 154 F.3d 186, 187 (5th Cir. 1998) (en banc);

Caldwell v. Line, 679 F.2d 494, 496 (5th Cir. 1982).  Thus, although Stokes filed his complaint on a form reserved for Section 1983 complaints, his action must initially be treated as a petition for habeas corpus relief because he challenges the fact of his confinement.  Clarke, 121 F.3d at 226; Hernandez v. Spencer, 780 F.2d 504, 504 (5th Cir. 1986).

A fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court before requesting federal collateral relief.  Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); Nobles v. Johnson, 127 F.3d 409, 419 (5th Cir. 1997).  "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims."  Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20); Hartman, 878 F. Supp. at 1337-38.

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court."  Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)).  "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement."  Id.  "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal  application."  Id. (citing Nobles, 127 F.3d

14

at 420).  A court may notice sua sponte the lack of exhaustion.  <u>McGee v. Estelle</u>, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc).

In the present case, Stokes does not allege and there is no proof that he has exhausted his state court remedies.  On the contrary, on the second page of his complaint, Stokes indicates that he has not begun any other lawsuits in state or federal court dealing with the same facts involved in this action.  Record Doc. No. 1 (Complaint at ¶ I(A)). Accordingly, plaintiff's instant petition for habeas corpus relief must be dismissed without prejudice to allow the state courts an opportunity to rule on the merits of plaintiff's unexhausted claims.

## <u>RECOMMENDATION</u>

For all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2) or under <u>Heck</u>.

**IT IS FURTHER RECOMMENDED** that all habeas corpus claims asserted in the complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10)

15

days after being served with a copy shall bar that party, except upon grounds of plain

error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object.  Douglass v. United

Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___25th___ day of August, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE